UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FISHERIES SURVIVAL FUND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 07-01220 (EGS) |
| ) | |
| CARLOS GUTIERREZ, in his official capacity as ) | |
| Secretary of Commerce, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S ANSWER**

Defendant, Carlos Gutierrez, in his official capacity as the Secretary of Commerce, provides the following Answer to the allegations contained in the Plaintiff's Complaint For Injunctive and Declaratory Relief ("Complaint").

1. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 1. However, Defendant avers that issue of interactions between the Atlantic sea scallop fishery and sea turtles emerged in 1996, when an interaction was first observed

2. Defendant admits the allegations in paragraph 2, but calls the gear modification a "chain mat," not "turtle chains."

3. Defendant admits that FSF and Garden State Seafood petitioned Defendant for a rulemaking to require the mandatory use of chain mats.

4. Defendant admits that it promulgated a rule pursuant to the ESA requiring the use of chain mats on August 25, 2006.

5. Defendant admits that the regulations implementing the chain mat requirements are set

forth at 50 CFR §§ 222.102 (definitions); 223.205(b)(16) (prohibitions); 223.206(d)(11) (explaining the requirement and gear configuration), but denies that 223.206(b)(15) implements the chain mat requirement.

6. Defendant admits the allegations in paragraph 6.

7. The allegations in paragraph 7 purport to characterize the contents a Federal Register document. This document speaks for itself and is the best evidence of its content, and no response is required. Defendant deny any allegation contrary to the document's plain meaning.

8. The allegations in paragraph 8 constitute characterizations of Plaintiff's case to which no response is required.

9. The allegations in the first sentence of paragraph 9 purport to characterize the contents of two Federal Register documents. These document speak for themselves and are the best evidence of their content, and no response is required. Defendant deny any allegation contrary to the documents' plain meaning. Defendant denies the allegations in the second sentence of paragraph 9.

10. Defendant denies the allegations the first sentence of paragraph 10. The allegations in the second and third sentences of paragraph 10 constitute conclusions of law to which no response is required.

11. The allegations in paragraph 11 purport to characterize the contents a Federal Register document. This document speaks for itself and is the best evidence of its content, and no response is required. Defendant deny any allegation contrary to the document's plain meaning.

12. Defendant denies the allegations contained in the first sentence of paragraph 12. The

allegations in the second sentence of paragraph 12 purport to characterize the contents of "NMFS, 2006 Sea Turtle Analysis". This document speaks for itself and is the best evidence of its content, and no response is required. Defendant deny any allegation contrary to the document's plain meaning.

     13. Defendant denies the allegations contained in paragraph 13.

     14. Defendant lacks sufficient information to admit or deny the allegations contained in sentences 1, 2, and 3 of paragraph 14. The allegations in the fourth sentence of paragraph 14 constitute conclusions of law to which no response is required.

     15. Defendant admits the allegations in the first and third sentences of paragraph 15. Defendant denies the allegations in the second sentence of paragraph 15.

     16-18. The allegations in paragraphs 16 through 18 constitute conclusions of law to which no response is required.

     19. Defendant deny the allegations contained in paragraph 19.

     20. Defendant lacks sufficient information to admit or deny the allegations contained in the first and second sentences of paragraph 20.

     21. Defendants admit the allegations in paragraph 21.

     22. Defendant admits that FSF in conjunction with the Garden State Seafood Association petitioned NMFS to implement a requirement that chains be used by scallop vessels between May 1 and October 15.

     23. The allegations in paragraph 23 purport to characterize the contents of two Federal Register documents. These document speaks for themselves and are the best evidence of their contents, and no response is required. Defendant deny any allegation contrary to the documents'

plain meaning.

24. The allegations in paragraph 24 purport to characterize the contents FSF's petition and NMFS's rule in the August 15, 2006 Federal Register. These documents speak for themselves and are the best evidence of their content, and no response is required. Defendant deny any allegation contrary to the documents' plain meaning.

25. Defendant admits the first sentence of paragraph 25. The allegations in the second and third sentences of paragraph 25 purport to characterize the contents of "NMFS, 2006 Sea Turtle Analysis". This document speaks for itself and is the best evidence of its content, and no response is required. Defendant deny any allegation contrary to the document's plain meaning.

26. The allegations in the first and second sentences of paragraph 26 purport to characterize and quote from the contents a Federal Register document. This document speaks for itself and is the best evidence of its content, and no response is required. Defendant deny any allegation contrary to the document's plain meaning. Defendant lacks sufficient information to admit or deny the allegations contained in the third sentence of paragraph 26.

27. The allegations in paragraph 27 purport to characterize and quote from the contents a Federal Register document. This document speaks for itself and is the best evidence of its content, and no response is required. Defendant deny any allegation contrary to the document's plain meaning.

28. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 28.

29. Defendant denies the allegations in the first sentence of paragraph 29. Defendant admits the allegations contained in the second sentence of paragraph 29.

30. Defendant denies the allegations in paragraph 30.

31. Defendant admits that for good cause it waived part of the 30-day delay of the effective date of the emergency rule.

32. Defendant denies the first sentence of paragraph 32, but avers that 25 days of the 30-day delay in effective date were waived for good cause and, as a result, the rule was implemented 5 days after its publication in the Federal Register. Defendant admits that after November 30, 2006, Atlantic sea scallop fishermen were not required to utilize chain mats again until May 1, 2007. Defendant denies the second sentence of paragraph 32 except Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 32 regarding whether takes occurred after November 20.

33. The allegations in paragraph 32 purport to characterize a letter it sent on January 16, 2007. This letter speaks for itself and is the best evidence of its content, and no response is required. Defendant deny any allegation contrary to the document's plain meaning.

34. Defendant denies the allegation in paragraph 34 and avers that discussions pertaining to the January 16, 2007, letter expressing the plaintiff's intent to sue did take place between an attorney representing the agency and attorneys for the Plaintiff.

35. Defendant denies the allegations in the first sentence of paragraph 35. Defendant lacks sufficient information to admit or deny the allegations contained in the second sentence of paragraph 35.

36. Defendant denies the first sentence of paragraph 36. Defendant lacks sufficient information to admit or deny the allegations contained in the second sentence of paragraph 36. Defendant admits the third sentence of paragraph 36.

37. Defendant lacks sufficient information to admit or deny the allegations in paragraph 37.

38. Defendant denies the allegations in paragraph 38.

39. Defendant denies the allegations in paragraph 39.

40. The responses to the allegations contained in paragraphs 1 to 39 are hereby incorporated by reference.

41. The allegations in paragraph 41 purport to characterize and quote from the Administrative Procedure Act. This statute speaks for itself and is the best evidence of its content, and no response is required. Defendant deny any allegation contrary to the statute's plain meaning.

42. The allegations in paragraph 42 purport to characterize and quote from the Endangered Species Act. This statute speaks for itself and is the best evidence of its content, and no response is required. Defendant deny any allegation contrary to the statute's plain meaning.

43. Defendant denies the allegations contained in paragraph 43.

44. The responses to the allegations contained in paragraphs 1 to 43 are hereby incorporated by reference.

45-47. The allegations in paragraphs 44 through 47 purport to characterize and quote from the Administrative Procedure Act. This statute speaks for itself and is the best evidence of its content, and no response is required. Defendant deny any allegation contrary to the statute's plain meaning.

48-49. The allegations in paragraphs 48 and 49 purport to characterize and quote from the Endangered Species Act. This statute speaks for itself and is the best evidence of its content, and

no response is required.  Defendant deny any allegation contrary to the statute's plain meaning.

50-51.  Defendant denies the allegations in paragraphs 50 and 51.

## GENERAL DENIAL

Defendant denies each and every allegation set forth in paragraphs 1 through 51 unless specifically admitted above.

## PRAYER FOR RELIEF

Defendant denies that the Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

1.  Plaintiff fails to state a claim for which relief may be granted.

Respectfully submitted this 7th day of September, 2007.

>   RONALD J. TENPAS
>   Acting Assistant Attorney General
>
>   LISA RUSSELL
>   Assistant Section Chief
>
>   /s /Robert L. Gulley
>   _____
>   ROBERT L. GULLEY
>   (D.C. Bar. No. 394061)
>   Senior Trial Attorney
>   Wildlife & Marine Resources Section
>   Benjamin Franklin Station, P.O. Box 7369
>   Washington, DC 20044-7369
>   (202) 305-0500 (ph)
>   (202) 305-0275 (fx)
>   robert.gulley@usdoj.gov
>
>   *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing was e-filed on September 7, 2007, and will be automatically served upon counsel of record, all of whom appear to be subscribed to receive notice from the ECF system.

                                                     */s/ Robert Gulley*